Money is "personal property," within the meaning of Laws 1842, c. 157, allowing a widow from the estate of her deceased husband "other personal property" to the value of $150.

Appeal from surrogate's court, Kings county.

Petition by Sophia Durscheidt, widow of Jacob Durscheidt, deceased, for an order directing Anna Woelling, as executrix of Jacob Durscheidt, to pay over to petitioner the sum of $150 out of the money remaining to the credit of said estate, and deliver to her the articles of furniture mentioned in the inventory. The executrix appeals from so much of an order of the surrogate granting the petition as directs payment to the petitioner of the money. Affirmed.

Argued before BARNARD, P. J., and CULLEN, J.

*Fernando Solinger,* for appellant. *Julius Klamke,* for respondent.

BARNARD, P. J. The testator left a very small estate, consisting of furniture of the value of $50, and $614 cash. He left a widow. The appraisers set apart the furniture of deceased for the use of the widow, and also set apart for her $150 in cash, under chapter 157, Laws 1842. The words of this act provide the exemption in favor of the widow to be "necessary household furniture, provisions, or other personal property" of the value of not over $150. The court of appeals in *Re Frazer,* 92 N. Y. 239, held that, when the husband gave all the household property to his wife, the $150 exemption could be given out of other personal property. The question is thus narrowed to this: whether money is "personal property," within the meaning of this statute. It has been so held by surrogate's court. *Lyendecker* v. *Eisemann,* 3 Dem. Sur. 72. In general signification, the bank book was personal property. The law intended to give an exemption, in addition to specific articles named, to this amount, ($150,) and it should be construed so as to carry out the benign intent of the legislature. The order should be affirmed, with costs and disbursements.

---

## SCHLEIFER *v.* SCHLEIFER.

(*Supreme Court, General Term, Second Department.　July 22, 1892.*)

DIVORCE A MENSA—CRUELTY—ABANDONMENT.

Where, on a separation for cruel treatment, the husband agrees to pay the wife a certain allowance, and she thereafter, in ignorance of its contents, believing it to be a receipt, signs a general release to her husband, whereupon he refuses to pay any further alimony, it is not necessary for her to ask her husband to go back and live with her, to entitle her to maintain an action for limited divorce, her departure from her husband's house on account of ill usage not being an abandonment by her.

Appeal from special term, Kings county.

Action by Agnes Schleifer against Henry Schleifer. From a judgment granting plaintiff a separation from the bed and board of defendant, and awarding her alimony and costs, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*George H. Bruce,* for appellant. *M. L. Towns,* for respondent.

BARNARD, P. J. The parties were married in 1884. In August, 1888, they separated by mutual agreement, and, by the terms thereof, the defendant was to pay the plaintiff $28 per month. In January, 1889, the parties made an attempt to live together; but it was prevented by the cruel and violent treatment of the wife by her husband. He flogged her, kicked her, and locked her up. The alimony was paid up to the 6th of October, 1890, and probably for the month of November, 1890. On the 13th of November, 1890, $28 was paid, and a paper was signed by the plaintiff. This was a general release. The wife supposed it was a receipt for the $28 paid. In this she is supported by the witness Geisseman, who testified that nothing was said about a release from alimony, but that the transaction was a discontinuance of suits existing between the parties. The trial court has found that the release was not understood by plaintiff, and that she signed it in ignorance of its contents. The proof of cruelty and violence upon the part of defendant before the separation was abundant. The plaintiff has not, since the first separation in January, 1889, requested the defendant to live with her. The separation was based upon cruel treatment, and it was not necessary or proper that the plaintiff should ask her husband to go back and live with her, before she could maintain an action for a limited divorce, when the alimony agreed upon was not paid. It was not an abandonment of defendant by plaintiff, because she left her husband's house in January, 1889. She was compelled to do so by ill usage. The proof of the financial standing of the defendant justifies the alimony given, which is but $30 per month. Besides this, the proof tends to show that the defendant had received from his wife considerable money before the separation.

The judgment should be affirmed, with costs. All concur.